# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) ) ) v. ) ) ) ) THE TIMKEN CORPORATION, a/k/a THE ) TIMKEN COMPANY, d/b/a AURORA ) BEARING, ) ) **Defendant.** ) ) | CIVIL ACTION NO. **C O M P L A I N T** **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., to correct unlawful employment practices on the basis of disability and to provide appropriate relief to a qualified individual with a disability, a hearing impairment, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant The Timken Corporation, a/k/a The Timken Company, d/b/a Aurora Bearing ("Timken" or "Defendant") discriminated against a qualified individual with a disability ("Aggrieved Individual") when it failed to hire him because of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a), and when it imposed a discriminatory qualification standard that screens out or tends to screen out individuals with hearing impairments and that has adversely affected one or more individuals, including the Aggrieved Individual, in violation of § 12112(b)(6).

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, The Timken Corporation, a/k/a The Timken Company, d/b/a Aurora Bearing, is a global manufacturer of bearing and power transmission products.

5. Defendant's Montgomery, Illinois facility operates under the name of "Aurora Bearing" and manufactures a range of bearings for industrial and aerospace uses.

6. At all relevant times, Defendant, an Ohio corporation with its principal office in Canton, Ohio, has continuously been doing business in the State of Illinois and the City of Montgomery.

7. At all relevant times, Defendant has continuously had more than 500 employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

9. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

10. More than thirty (30) days prior to the institution of this lawsuit, EEOC Charge No. 440-2022-04219 was filed with the Commission alleging a violation of Title I of the ADA by Defendant.

11. On May 13, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA by denying the Aggrieved Individual employment because of his disability, denying him a reasonable accommodation, and using a qualification standard that screens out or tends to screen out individuals with disabilities and that has adversely affected one or more individuals, in violation of the ADA.

12. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15. On June 25, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. The Aggrieved Individual is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). In particular:

   a. The Aggrieved Individual is an experienced manufacturing engineer with decades of relevant work history.

   b. The Aggrieved Individual is hard of hearing and substantially limited in the major life activity of hearing.

18. Since on or about March 11, 2022, Defendant has engaged in unlawful employment practices at its facility in Montgomery, Illinois, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) by failing to hire the Aggrieved individual because of his hearing impairment. In particular:

   a. The Aggrieved Individual submitted an application for a manufacturing engineer position with Defendant on or about January 21, 2022.

   b. After the Aggrieved Individual submitted the application, a recruiter first contacted him, then Defendant officials interviewed him by video, and finally, the same Defendant officials conducted an in-person interview of the Aggrieved Individual.

   c. The Aggrieved individual was wearing his hearing aid during these job interviews, and it was plainly visible.

   d. On February 10, 2022, Defendant offered the Aggrieved Individual the position of Senior Manufacturing Engineer, conditioned on a background check, drug screening, employment eligibility verification, and a medical

4

examination.

e. Part of the medical examination included the "whisper test," which consisted of a person whispering letters and numbers from five-to-six feet behind the examinee and requiring the examinee to listen and then repeat the numbers and letters.

f. On or about February 23, 2022, and again on or about March 9, 2022, Defendant or its agent administered the whisper test to the Aggrieved Individual. On both occasions the Aggrieved Individual did not pass the test.

g. As a result, on or about March 11, 2022, Defendant rescinded the Aggrieved Individual's job offer because of his hearing impairment and failed to hire him.

19. Since on or about May 28, 2021, Defendant has engaged in unlawful employment practices at its facility in Montgomery, Illinois, in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and § 12112(b)(6) by using qualification standards, employment tests or other selection criteria that have screened out or tended to screen out one or more individuals with a disability. In particular:

a. Defendant has used a requirement that job applicants pass a hearing test in order to be hired for certain positions, including the position of manufacturing engineer.

b. This has included the use of the "whisper test," as alleged above.

c. This requirement has screened out one or more individuals with hearing impairments, including the Aggrieved Individual, from employment opportunities at Defendant.

20. The effect of the practices complained of above has been to deprive the Aggrieved Individual of equal employment opportunities and otherwise adversely affect his status as an employee on the basis of disability.

21. The unlawful employment practices complained of above were and are intentional.

22. The unlawful employment practices complained of above were done with malice and/or reckless indifference to the federally protected rights of the Aggrieved Individual.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title I of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make the Aggrieved Individual whole by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in amounts to be determined at trial.

E. Order Defendant to make the Aggrieved Individual whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

6

complained of above, including emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay the Aggrieved Individual punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Order Defendant to pay the Aggrieved Individual prejudgment interest.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint that do not relate solely to equitable relief.

Dated September 26, 2024

          Respectfully submitted,

          Karla Gilbride
          General Counsel
          Equal Employment Opportunity
          Commission
          131 M Street, N.E., 5th Floor
          Washington, D.C. 20507

          Gregory Gochanour
          Regional Attorney
          EEOC Chicago District Office

          Justin Mulaire
          Assistant Regional Attorney
          EEOC Chicago District Office

          Kelly Bunch
          Trial Attorney
          EEOC Chicago District Office

230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
Phone: (312) 872-9704
Email: kelly.bunch@eeoc.gov

/s/ W. Emma Heo
W. Emma Heo
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn St., Ste. 2920
Chicago, IL 60604
Phone: (312) 872-9740
Email: emma.heo@eeoc.gov

8